# UNTIED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ARTHUR RAY ROBINSON | CIVIL ACTION NO. 22-0941 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JERRY GOODWIN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is *pro se* Petitioner Arthur Ray Robinson's "Notice of Appeal" (Record Document 20), which this Court construes as a Magistrate Appeal. On July 22, 2022, Magistrate Judge Hornsby denied on the showing made Petitioner's request for appointed counsel. See Record Documents 17 & 19. Magistrate Judge Hornsby stated that appointment of counsel was not warranted under the circumstances and cited Schwander v. Blackburn, 750 F.2d 494, 502-503 (5th Cir. 1985). Petitioner now appeals the denial of counsel. See Record Document 20. For the reasons set forth below, the Magistrate Appeal (Record Document 20) is **DENIED** and Magistrate Judge Hornsby's Order (Record Document 19) of July 22, 2022 is **AFFIRMED**.

The decision by Magistrate Judge Hornsby to deny Petitioner's request for appointed counsel is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions that a magistrate judge may not conclusively decide. An order on a non-dispositive matter from the magistrate judge must be upheld unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A) & Fed. R. Civ. P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). The Court will review the Magistrate Judge's legal conclusions *de novo* and will review his

factual findings for clear error. See Bedingfield v. Deen, No. 09-369, 2011 WL 1044397, at *1 (W.D. La. Mar. 18, 2011).

There is no right to counsel in postconviction proceedings and most applicants proceed *pro se*. See Garza v. Idaho, 139 S.Ct. 738, 749, (2019); Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990 (1987). In Schwander, the Fifth Circuit noted that Section 2 of the Fifth Circuit Plan under the Criminal Justice Act permits a court to appoint counsel to persons seeking relief under § 2254 where "the interests of justice so require and such person is financially unable to obtain representation." 750 F.2d 494 at 502; see also 18 U.S.C. § 3006A(g). While Petitioner is proceeding under Section 2241, the same rationale applies. A review of the record in this case does not reveal that the "interests of justice" require appointment of counsel. The issues in this case are not sufficiently complex and, at this stage, the Court believes the appointment of counsel would be a waste of judicial resources.

Thus, this Court's review of the petition and the instant appeal do not evidence that Magistrate Judge Hornsby's denial of appointed counsel was clearly erroneous or contrary to law. Thus, the Order denying appointed counsel (Record Document 19) is **AFFIRMED**, and Petitioner's appeal (Record Document 20) is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 3rd day of August, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT